FRANK H. REYNOLDS *et al. vs.* WILLIAM MISSLER.

NOVEMBER 2, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is an action of trespass and eject-ment. Upon appeal from the district court, the case was heard *de novo* in the superior court for the county of Wash-ington before a justice thereof sitting with a jury which rendered a verdict for the plaintiffs for possession and costs. It is before us on defendant's bill of exceptions to the denial of his motions for a directed verdict and for a new trial, to the trial justice's refusal to give certain

requests to charge, to portions of the charge as given, and to certain evidentiary rulings during the trial.

The declaration, which is in six counts, seeks to recover possession of a certain two and one-half story building known as the "Quonset Steak House," located on the westerly side of Post Road near its junction with the Old Post Road, so called, in the town of North Kingstown in this state.

The first count treats the defendant as a trespasser and alleges the wrongful detention of the premises sought to be repossessed; the second alleges that he hired said premises by a lease in writing and wrongfully held over after the expiration of his term; and the third makes the same allegation as the second and recites the giving of a notice to quit, vacate and deliver up to plaintiffs the described premises. The fourth count alleges that defendant held over his term under a lease in writing and thereafter committed nuisances on the leased premises and also that on January 25, 1949 he was given notice to quit the premises on or before February 1, 1949. It is alleged in the fifth count that defendant held over after his term and thereafter and prior to the commencement of this action committed certain nuisances, illegal acts and trespasses, therein described, *on the land of the plaintiffs adjoining the leased premises.* This count also alleges a notice to quit as in the fourth count. The sixth count alleges the breach of a condition in the written lease to permit one of the plaintiffs, Frank H. Reynolds, and George W. Arnold to use a space 11½ by 10 feet in the northwest corner on the first floor of the demised premises as a temporary office.

The case was tried in the superior court on a plea of the general issue. At the conclusion of the testimony the defendant moved for a directed verdict on the ground that there was nothing for the jury to consider, and this motion was denied. While it has been argued that the motion for a directed verdict was in general terms and that the action of the trial justice in denying such motion should be sus-

tained if there was evidence to support any count, it seems clear to us that the trial justice understood the motion to have been directed to *each* count of the declaration and that he decided it on that basis.

An examination of the transcript shows the following prefatory statement by the trial justice in passing upon the motion to direct a verdict: "At the close of the testimony, the defendant moved that the court direct the jury to return a verdict for the defendant on the ground there is no evidence to go to the jury on *either* of the counts that are now before the court." (italics ours) From its context we interpret the word *either* to have been used by the trial justice in the sense of *any* and therefore to have been intended to apply to *each* count of the declaration.

Thus considered we find that the fifth count and the evidence adduced in support thereof were not within the scope of an action of trespass and ejectment with reference to the leased premises in dispute. It alleged nuisances and trespasses committed on other land of the plaintiffs *adjoining the leased premises* and constituted a separate and entirely different cause of action. In such circumstances the motion to direct a verdict on the fifth count was proper and should have been granted. *Therrien* v. *First National Stores, Inc.,* 63 R. I. 44, and cases cited. Since the verdict was general, we cannot say that the jury did not base it solely on that count and therefore the refusal of the court to direct a verdict in defendant's favor on the fifth count is prejudicial error. In view of such conclusion, it becomes unnecessary to consider defendant's other exceptions.

The defendant's exception to the denial of his motion for direction of a verdict on the fifth count is sustained, and the case is remitted to the superior court for a new trial on the other counts of the declaration.

ON MOTION FOR REARGUMENT.

FEBRUARY 6, 1952.

PER CURIAM. After our opinion herein was filed the plaintiffs, by permission of court, presented a motion for

leave to reargue. As a basis therefor they rely particularly on that portion of the opinion in which it is stated: "Since the verdict was general, we cannot say that the jury did not base it solely on that count and therefore the refusal of the court to direct a verdict in defendant's favor on the fifth count is prejudicial error."

The plaintiffs' present contention is that such language would tend to abrogate the rules of practice, particularly as confirmed by decided cases, to the effect that each count should be treated as if it were "a separate cause of action"; that a general verdict for plaintiffs must be interpreted as a favorable conclusion on each of said counts; and that in any event if one count is good and is supported by the evidence this court must approve such a verdict. In plaintiffs' original brief and argument this point was not developed and stressed as fully as now appears.

Upon consideration we are of the opinion that plaintiffs' contention raises an issue of sufficient importance to our practice to make it advisable to hear further arguments thereon. However, such arguments should be limited to the question whether this court, having sustained defendant's exception to the effect that one count and the evidence thereon should not have been submitted to the jury, is nevertheless prevented from also finding upon a consideration of the full record that submission of such count and evidence was prejudicial error in a case where the verdict is general and there is one good count which is supported by evidence; and secondly, if special findings be essential to determine the existence of any prejudicial error in the circumstances as here presented, whether plaintiffs or defendant had the burden to request such findings. To that extent only, the plaintiffs' motion for leave to reargue is granted.

*James H. Donnelly,* for plaintiffs.

*Walter R. Orme, Goldberg & Goldberg, Philip B. Goldberg, Leo M. Goldberg, Joseph Palmieri,* for defendant.